IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC.,<br>    Plaintiff,<br><br>             v.<br><br>WILLIAM GILLISPIE, *et al.*,<br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 11-cv-01776-AW<br>*<br>*<br>*<br>* |

*******************************************************************************

## Memorandum Opinion

Presently pending before the Court is Plaintiff's Motion for Default Judgment against Defendants William Gillispie and Ivory Good, pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. No. 49.  Defendants were properly served on December 17, 2011, *see* Doc. Nos. 41, 42, and failed to plead or otherwise defend as directed in the Summons and as provided by the Federal Rules of Civil Procedure. The Clerk of the Court thereafter issued Orders of Default as to Defendants. *See* Doc. Nos. 45, 46. The issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Court DENIES Plaintiff's Motion at this time, providing Plaintiff ten days to correct deficiencies regarding registration of its copyright and request for attorney's fees. Upon submission of the requested materials, the Court will reconsider Plaintiff's Motion.

**I.    BACKGROUND**

On June 28, 2011, Plaintiff brought this action for copyright infringement in violation of 17 U.S.C. §§ 106 and 501, seeking statutory damages, permanent injunctive relief, and attorney's fees and costs, pursuant to 17 U.S.C. §§ 502–505. *See* Compl. ¶¶ 2, 61. On or about March 25,

2011, Plaintiff filed an application for a United States copyright and exclusive rights to the motion picture "Anal Fanatic 2." Compl. ¶¶ 11-12; Doc. No. 1 Ex. 2. To date, Plaintiff has provided the Court with no proof that Anal Fanatic 2 has been successfully registered; nor does Plaintiff allege in its Complaint that its motion picture is registered.[1]

The Complaint and attached documents allege that on April 14, 2011, Defendants, without Plaintiff's permission or consent, began using BitTorrent to upload and download Plaintiff's "copyrighted" motion picture. Compl. ¶¶ 28-29; Doc. No. 1 Ex. 1. Additionally, Plaintiff alleges that Defendants have used BitTorrent to pass along the "copyrighted" file to others and have continued to distribute the "copyrighted" work.  Compl. ¶¶ 33, 35. As such, Defendants have infringed on Plaintiff's exclusive rights to reproduce and distribute the copyrighted motion picture, and by virtue of the BitTorrent system, will continue such infringement. Plaintiff contends that Defendants' infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). Compl. ¶ 50.

In its Motion for Default Judgment, Plaintiff seeks: (1) statutory damages pursuant to 17 U.S.C. § 504(c) in an amount of $30,000 per Defendant; (2) costs and attorney's fees pursuant to 17 U.S.C. § 505 in the amount of $2,167; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from further infringing on Plaintiff's alleged rights in the motion picture and ordering Defendants to destroy all copies of the motion picture that Defendants have downloaded or transferred onto any device within their possession or control. *See* Doc. No. 49.

**II.    STANDARD OF REVIEW**

---

[1] To the extent that Plaintiff suggests its work is registered, *see* Compl. ¶ 13, such allegation conflicts with its allegation that it has merely applied for registration and that "registration is expected within three to four months", *see* Compl. ¶ 12.

Pursuant to Fed. R. Civ. P. 55(b)(1), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on the merits," *Dow*, 232 F. Supp. 2d at 494 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F. Supp. 2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages … because the defendant could not reasonably have expected that his damages would exceed that amount. *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981)).

While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum."

*Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr.16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**III.    ANALYSIS**

    A.    <u>Liability for Copyright Infringement</u>

In order to establish copyright infringement, a plaintiff must show: (1) ownership of the copyright, and (2) copying by the alleged defendant. *See Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 358 (4th Cir. 2000). Plaintiff alleges that it has filed an application to register its motion picture and has attached to its Complaint a screen shot of such application. *See* Compl. ¶¶ 11-12; Doc. No. 1 Ex. 2.  17 U.S.C. § 411(a) provides that "no civil action for infringement of a copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Mere application for a copyright does not qualify as either registration or preregistration under § 411(a).

The Court recently addressed this issue in another case brought by Plaintiff. In *Collins v. Does 1-22*, this Court considered a Motion to Quash by a John Doe contending that Plaintiff's copyright had not yet been successfully registered. *See* Civ. No. 11-cv-01772-AW, 2011 WL 5439005, at *2 (D. Md. Nov. 8, 2011). The Court found that Plaintiff had adequately stated a claim for copyright infringement even though its copyright registration was still pending, reasoning that:

> [t]he Supreme Court has … recently held that registration of a copyright is not necessary to bring a copyright infringement claim in federal court. *See Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246 (2010) ("Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28

> U.S.C. §§ 1331 and 1338. But neither § 1331, which confers subject-matter jurisdiction over questions of federal law, nor § 1338(a), which is specific to copyright claims, conditions its jurisdictional grant on whether copyright holders have registered their works before suing for infringement."). Subsequently, at least one court in the Fourth Circuit considering the impact of this decision has found that it has subject matter jurisdiction over a plaintiff's copyright infringement claims for both registered and unregistered images. *See Tattoo Art, Inc. v. TAT Int'l, LLC*, Civ. No. 2:10cv323, 2011 WL 2585376, at *11 (E.D. Va. June 29, 2011).

*Id.*

Thus, Plaintiff's claim for copyright infringement is properly before the Court under *Muchnick*—*i.e.*, the Court has subject matter jurisdiction to hear this case—even though Plaintiff has not provided proof of registration. However, the mere grant of subject matter jurisdiction should not be understood as an entitlement to statutory damages for infringement of an unregistered work. Courts within the Fourth Circuit have held that a Plaintiff cannot collect statutory or actual damages for copyright infringement where it has offered no proof of registration. *See, e.g.*, *Tattoo Art*, 794 F. Supp. 2d at 654-57. Specifically, the Court in *Tattoo Art* held that:

> Although it is true that a plaintiff may recover actual damages for infringements that *occurred* prior to registration of the infringed work or works, such a recovery may not be *sought* by filing a lawsuit, let alone actually *recovered* in such a lawsuit, until the infringed works are registered or preregistered. 17 U.S.C. § 411(a). In other words, infringement prior to registration still constitutes infringement, and can still merit an *eventual* recovery, but such recovery cannot be sought in a lawsuit until *after* registration or preregistration of the infringed works.

*Id.* at 657 (citations omitted).

Accordingly, Plaintiff will not be able to recover from Defendants unless it can show a valid registration of its motion picture. Plaintiff has sufficiently made out a copyright infringement claim in all other respects: it has alleged that Defendants illegally downloaded and

uploaded the copyrighted motion picture, thereby copying Plaintiff's work. Compl. ¶¶ 33-35. Because upon entry of default, the well-pleaded allegations in a complaint are taken as true, Plaintiff will have established Defendants' liability for copyright infringement by default, assuming it can show a valid registration of the motion picture. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

Because Plaintiff has alleged that it expected to obtain registration of Anal Fanatic 2 back in June or July of 2011, the Court will withhold judgment as to statutory damages and allow Plaintiff ten days from the date of the accompanying Order in which to submit proof of valid registration.

B. <u>Attorney's Fees and Costs</u>

Plaintiff seeks attorney's fees in the amount of $1,492 and costs in the amount of $675, pursuant to 17 U.S.C. §505. Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party … the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994). In support of Plaintiff's request, it has submitted the Declaration of Jon A. Hoppe, Esquire, which provides a sufficiently thorough breakdown of the costs incurred in this action. Doc. No. 49 Ex. 2 at 2. However, in regard to attorney's fees, the Declaration states only that "Plaintiff has incurred attorneys' fees in this case in the amount of $1,492.00." Doc. No. 49 Ex. 2 at 2.

In a similar action brought by the same Plaintiff, the Court has granted Plaintiff's request for attorney's fees of $500. *See Collins v. Sangster*, Civ. No. 11-cv-01773-AW (D. Md. Feb. 8,

2012).[2] The Court found the amount of $500 to be objectively reasonable given the length of the matter and the nature of these "John Doe" actions.

In this nearly identical action, however, Plaintiff is requesting nearly three times the amount of attorney's fees and has provided no time records, billing rates, or other evidence to explain the discrepancy. The Court will consider awarding Plaintiff its attorney's fees only if, within ten days of the accompanying Order, Plaintiff submits to the Court an affidavit delineating counsel's billing rates and time spent on this matter as well as the billing rates of any associates or paralegals who might have worked on this matter. Plaintiff must establish that the rates charged in this matter are comparable to those charged by other attorneys in this locality with similar experience, skill, and reputation.

Additionally, although the Court is satisfied with the information submitted by Plaintiff in regard to costs, the Court declines to award costs in this matter unless or until Plaintiff produces a valid registration for its motion picture.

C.     Permanent Injunction

Finally, Plaintiff seeks a permanent injunction against Defendants pursuant to 17 U.S.C. §§ 502 and 503. Specifically, Plaintiff seeks to enjoin Defendants from directly, contributorily or indirectly infringing Plaintiff's rights in its motion picture, including by using the internet, BitTorrent, or any other online media distribution system to download or distribute the motion picture, or by making the motion picture available for distribution to the public without the authorization of Plaintiff. *See* Doc. No. 49 Ex. 3 at 3. Additionally, Plaintiff seeks a court order directing Defendants to destroy all copies of Plaintiff's motion picture that Defendants have downloaded onto any computer hard drive or server without Plaintiff authorization, or

---

[2]Plaintiff can expect this decision to be reflected on the docket by the end of the week, or by February 10, 2012.

transferred onto any physical medium or device in Defendants' possession, custody, or control. *Id.*

The Supreme Court in *Muchnick* did not consider whether injunctive relief is available for unregistered works, and the Fourth Circuit has not considered the issue post-*Muchnick*. The only Court within the Fourth Circuit to address the issue found that granting an injunction was proper "in light of the fact that at least some of plaintiff's [works] were registered … [.]" *Tattoo Art*, 794 F. Supp. 2d at 662-63. The only work upon which Plaintiff claims infringement in the instant action, Anal Fanatic 2, is, to the knowledge of the Court, not yet registered. The Court will not grant a permanent injunction in the instant action unless Plaintiff can prove a valid registration of the motion picture. Accordingly, the Court will await receipt of such proof by Plaintiff within the next ten days.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is denied at this time. A separate Order will follow.

February 8, 2012                                          /s/
       Date                                             Alexander Williams, Jr.
                                                        United States District Judge