IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| PATRICK COLLINS, INC., Plaintiff, | * * * * | |
| v. | * * * | Civil Action No. 11-cv-01776-AW |
| IVORY GOOD, Defendant. | * * * | |

**Order**

Presently pending before the Court is Defendant Ivory Good's Motion to Vacate Default Judgment in this copyright infringement action. Doc. No. 57. Defendant has not filed a timely reply brief, and thus her motion is ripe for review. The Court has read the briefings and now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons discussed below, Defendant's motion will be denied without prejudice.

Defendant was served on December 17, 2011 and failed to plead or otherwise defend in this matter. *See* Doc. No. 42. Accordingly, on January 23, 2012, the Clerk of the Court issued an Order of Default as to Defendant. Doc. No. 46. On February 23, 2012, the Court entered a Final Judgment against Defendant in the amount of $8,167, consisting of $6,000 in statutory damages and $2,167 in attorney's fees and costs, for copyright infringement of Plaintiff's pornographic motion picture "Anal Fanatic 2." *See* Doc. Nos. 54, 55. The Court also enjoined Defendant from infringing on Plaintiff's rights in the motion picture and ordered Defendant to destroy all copies of Plaintiff's motion picture that Defendant had downloaded. *Id.*

On March 21, 2012, Defendant, who is proceeding *pro se* in this matter, filed a motion to vacate the Court's judgment. Doc. No. 57. In support, Defendant contends that she was not properly served and only received notice of this action on March 1, 2012. Defendant asserts that process was served at a house that she lived in with her former spouse, and that, after removing tenants from the home on March 1, 2012, she discovered that a suit had been filed against her. *Id.*

A motion for relief from final judgment is governed by Fed. R. Civ. P. 60(b). In order to obtain relief from final judgment, a party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *See McKinnon v. United States*, Civ. No. CCB-12-179, 2012 WL 727017, at *1 (D. Md. Mar. 5, 2012) (citations and quotations omitted). Additionally, the defendant must show at least one of the following: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge; or 6) any other reason justifying relief. *Id.* (citation omitted); Fed. R. Civ. P 60(b).

Although Defendant has not specified which subsection of Rule 60(b) she relies on, the Court will construe her motion as one under Rule 60(b)(4), that the judgment is void for insufficient service of process. Pursuant to Rule 4(e), a plaintiff can be properly served by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode …[.]" Defendant has raised a question as to whether the residence at which Plaintiff attempted service constituted Defendant's dwelling or usual place of abode. Defendant, however, has failed to submit a declaration or other, more specific evidence that would persuade the Court that service of process was insufficient so as to void its judgment. Such evidence is

also necessary so that Plaintiff can investigate the service issue and more accurately respond to Defendant's Motion to Vacate. Accordingly, this 30th day of April, 2012, ordered that:

1) Defendant's Motion to Vacate Default Judgment, Doc. No. 57, is denied without prejudice for Defendant to re-file with more specific information demonstrating support of her statements, such as: (1) the location of Defendant's dwelling from December, 2011 to March, 2012; (2) where Defendant's mail was delivered during that time; (3) the address on Defendant's driver's license; (4) any utility bills, lease agreement, or rent paid at this other location; and (4) any other information tending to demonstrate that Plaintiff was residing somewhere other than the address at which she was served with process in December 2011; and

2) The Clerk transmit a copy of this Order to all parties of record, and mail a copy to the *pro se* Defendant.

                                                            /s/
                                                Alexander Williams, Jr.
                                                UNITED STATES DISTRICT JUDGE